# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-887
Lower Tribunal No. 13-34654

_____

## General Employees Retirement Committee,
Appellant,

vs.

## City of North Miami Beach,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Sugarman & Susskind and Ivelisee Berio Lebeau and Robert A. Sugarman and Michael Anthony Gillman, for appellant.

Lewis Longman & Walker and Andrew J. Baumann and James W. Linn, for appellee.

Meryl Robin Porter, for amicus curiae American Federation of State, County, and Municipal Employees, Local 3293, AFL-CIO.

Before SALTER, FERNANDEZ and SCALES, JJ.

SALTER, J.

The General Employees Retirement Committee (the "Retirement Committee") appeals a final summary judgment upholding a City of North Miami Beach ordinance amending the terms of the City's pension plan. The Retirement Committee maintains that, in amending the pension plan, the City failed to comply with a condition precedent established in the City's own previously-enacted ordinance. We affirm the trial court's conclusion that, as a matter of law, the City had no such obligation.

Ordinance 2013-15, the Alleged Condition Precedent, and the Lawsuit

City Ordinance 2013-15 was adopted to implement two changes to the City's Retirement Plan for General Employees. First, the ordinance adopted certain changes to the Plan embodied in the most recent collective bargaining agreement between the City and the labor union representing its general employees (American Federation of State, County, and Municipal Employees, Local 3293, AFL-CIO ("AFSCME")). Second, the ordinance deleted a longstanding provision of the Retirement Plan establishing a condition precedent to any amendment:

Section 1.05 AMENDMENT OF PLAN

(a) Resolution of City - The Plan may be amended by the City from time to time in any respect whatever, by resolution of City Council of North Miami Beach, specifying such amendment, subject only to the following limitations:

(1) Approval of Participants – Approval of 66-2/3% of the active participants shall be required before the Plan may be amended by the City Council.[1]

2

"Active participants" in the Retirement Plan included then-current employees subject to the AFSCME-City collective bargaining agreement, but it also included employees represented by another union and unrepresented employees, as well as former employees, none of whom were subject to the 2013 collective bargaining agreement. The City maintained that the approval requirement in section 1.05(a)(1) of the Retirement Plan was an improper delegation of the City Council's authority to a minority of the active members of the retirement plan, impermissibly infringing on the collective bargaining rights of the City and the AFSCME union, and jeopardizing the sound actuarial position of the Retirement Plan.

Following the City's execution of the collective bargaining agreement and the enactment of Ordinance 2013-15, the Retirement Committee formally voted to disapprove the Ordinance because of its purported elimination of the 66-2/3% approval condition. The City filed an action for a declaratory judgment upholding the Ordinance, and both the City and the Retirement Committee filed cross-motions for final summary judgment. The trial court granted the City's motion and denied the Retirement Committee's, and this appeal followed.

Analysis

---

[1] The percentage approval requirement was set at 75% in 1989, and reduced to 66-2/3% in 1998.

Benefits payable by the Retirement Plan are constitutionally mandated to be funded on a sound actuarial basis. Art. X, § 14, Fla. Const. The City is permitted to adopt prospective amendments to the Retirement Plan, and to collectively bargain for such changes, consistent with its budget.[2] Florida Sheriffs Ass'n v. Dep't of Admin., 408 So. 2d 1033 (Fla. 1981). A provision requiring a referendum of electors to ratify a collective bargaining agreement, as a condition precedent to its enforceability, violates the rights of municipal employees and the City to bargain collectively. Art. I, § 6, Fla. Const.; City of Miami Beach v. Bd. of Trs. of the City Pension Fund for Firefighters & Police Officers in the City of Miami Beach, 91 So. 3d 237 (Fla. 3d DCA 2012). In the present case, the purported approval requirement was in the hands of a minority of the active members of the retirement plan rather than a minority of the electors, but the effect and result are the same.

Further, a municipality has broad home rule powers to legislate. Art. VIII, §2(b), Fla. Const.; § 166.021, Fla. Stat. (2013). As the City had the authority to enact the condition precedent contained in section 1.05 of the Retirement Plan (putting aside the constitutional infirmity described above), the City had the same undivided authority to eliminate that condition. If the condition precedent had

_____

[2] Section 1.06 of the Retirement Plan authorized the City to unilaterally terminate the Retirement Plan by written notice without the 66-2/3% approval requirement, a far harsher medicine than the changes adopted in Ordinance 2013-15.

been imposed by Florida statute or municipal charter provision, the analysis might be different.

For these reasons, the trial court's final summary judgment is affirmed.